# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DONALD CLARK V. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**4033, Monte Watkins, Judge**

---

**No. M2009-02088-CCA-R3-HC - Filed June 17, 2010**

---

Petitioner, Donald Clark, appeals the trial court's denial of his petition for writ of habeas corpus. The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donald Clark, *pro se*.

Robert E. Cooper, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner was convicted of especially aggravated robbery by a Shelby County Jury. He was sentenced to twenty-seven years as a violent offender. On appeal, this Court affirmed the conviction. *State v. Donald Clark*, W2001-01549-CCA-R3-CD, 2003 WL 21339272 (Tenn. Crim. App., May 15, 2003)(app. denied Oct. 27, 2003).

On December 2, 2008, Petitioner filed a *pro se* petition for habeas corpus relief alleging that his conviction was the result of an illegal search and seizure, and that he received ineffective assistance of trial counsel. The criminal court summarily dismissed the petition finding that

Petitioner had "not established a void judgment or an illegal confinement by a preponderance of the evidence in his pleadings" and that the sentence had not expired.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, that the sentence is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Initially, we note that Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107(b)(2) by failing to include a copy of the judgment. The Petitioner's failure to comply with the mandatory requirements for habeas corpus petitions alone provided adequate justification for the trial court's dismissal of the petition. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21. Aside from the fact that the Petitioner did not comply with procedural requirements, Petitioner's claims of an illegal search and seizure and ineffective assistance of counsel render the judgments voidable, not void, and they may not be collaterally attacked in a suit for habeas corpus relief. Also, as pointed out by the State, this Court has previously determined that Petitioner received the effective assistance of trial counsel. *Donald Clark v. State*, W2006-00642-CCA-R3-PC, 2007 WL 1215024 (Tenn. Crim. App. April 25, 2007)(app. denied Aug. 20, 2007).

Nothing on the face of the petitioner's judgment indicates that the convicting court was without jurisdiction to sentence the petitioner or that the sentence has expired. As a result, the court's summary dismissal was proper. *See Summers*, 212 S.W.3d at 260.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

**CONCLUSION**

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE